1
2
3
4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VASSILY ANTHONY THOMPSON,<br><br>Defendant. | NO. 2:16-CR-0145-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING MOTION TO EXTEND DEADLINE |

BEFORE THE COURT are Defendant's Motion for Reconsideration and Motion to Extend Deadline. ECF Nos. 479, 480. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.

**BACKGROUND**

The Court previously denied Defendant's Motion to Reduce his Sentence. ECF No. 478. Defendant now seeks reconsideration because he claims to have tested positive for the coronavirus. ECF No. 479 (without any proof). Defendant also seeks an extension of time to file an appeal. ECF No. 480.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING MOTION TO EXTEND DEADLINE ~ 1

# DISCUSSION

## A. Motion for Reconsideration

No precise "rule" governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding. Rather, the district court's authority to revisit a ruling [. . .] "is within its sound judicial discretion." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (citation omitted).

## B. Jurisdiction of the District Court While Case is on Appeal

Defendant spends much time arguing that this Court has jurisdiction to decide the 18 U.S.C. § 3582(c) issue. ECF No. 279 at 2-3. Whether or not this Court has full jurisdiction to proceed is not the issue. This Court ruled on the motion as if it had jurisdiction. It did not deny the motion for lack of jurisdiction. The denial of the motion on the merits makes this issue moot.

## C. Extraordinary and Compelling Reasons

Defendant argues that his current medical condition—testing positive for the coronavirus—presents extraordinary and compelling reasons to be released. ECF No. 479 at 3. Defendant does not allege that he is currently incapacitated and admits that he is receiving medical care for his illnesses. Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society. Fear of the effects of the virus does not warrant immediate release. In this case, there are no extraordinary and compelling reasons for a reduction in sentence.

### D. Factors under 18 U.S.C. § 3553(a)

Defendant does not challenge the Court's prior findings regarding the § 3553(a) factors. Defendant promised financing to his victims of over $86 million and took over $2 million dollars from them. This was an egregious white collar crime scheme. The Court is obligated to protect the public from defendant's fraudulent conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

### E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)

Defendant now contends that he poses no risk to the community because he would be on home confinement and unable to "otherwise interact with anyone." ECF No. 479 at 5. He contends the Court can impose conditions that would ensure community safety. *Id*. He disputes that his pretrial conduct was illegal. Be that as it may, Defendant's conduct was a clear violation of a court order. Given the gravity of the offense of conviction and Defendant's proclivity to ignore the law and court orders, the community remains at risk.

//

**F. Extension of Time to Appeal**

Defendant seeks an order extending the deadline to file an appeal until July 16, 2020. The Government does not oppose this extension. According to Federal Rule of Appellant Procedure 4(b)(4), for good cause, the district court may extend the time to file a notice of appeal for a period not to exceed 30 days. Accordingly, this motion will be granted.

**CONCLUSION**

Although Defendant's health condition is unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration, ECF No. 479, is **DENIED**.

2. Defendant's Motion to Extend Deadline, ECF No. 480, is **GRANTED**.

3. Defendant's appeal may be filed no later than **July 16, 2020**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** June 16, 2020.



THOMAS O. RICE
Chief United States District Judge