FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>VASSILY ANTHONY THOMPSON,<br><br>Defendant-Petitioner. | NO: 2:16-CR-0145-TOR-1<br><br>ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 REQUEST TO SET ASIDE RESTITUTION JUDGMENT |

BEFORE THE COURT is Defendant's 28 U.S.C. § 2255 Request to Set Aside Restitution Judgment. ECF No. 594. Defendant is now proceeding *pro se*. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Court denies Defendant's Motion.

## BACKGROUND

The lengthy history of this case is unnecessary to the Court's ruling on this motion. The Ninth Circuit reversed and remanded this Court's forfeiture money

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 REQUEST TO SET ASIDE RESTITUTION JUDGMENT ~ 1

judgment explaining that:

> On remand, the district court should make findings denoting approximately how much of the proceeds of the crime came to rest with each of the three conspirators, Thompson, Fincher, and Nixon. Though no forfeiture judgment was issued against Nixon, neither Thompson nor Fincher can be subjected to forfeiture of amounts that came to rest with Nixon, since those amounts were not proceeds that came to rest with them. The forfeiture judgments must be separate, for the approximate separate amounts that came to rest with each of them after the loot was divided among the swindlers.

*United States v. Thompson*, 990 F.3d 680, 691-92 (9th Cir. 2021).

After briefing by the parties, the Court entered an Amended Judgment on December 2, 2022 providing for, *inter alia*, a money judgment for forfeiture of $279,117.15. ECF No. 574.

On March 10, 2023, Defendant filed the instant motion. In essence, he contends that "Jason Miller stands to be at least 50% liable for the use of funds" because Mr. Miller and Defendant Thompson deposited their respective funds into an account that was comingled. *See* ECF No. 594 at 3. Defendant contends his attorney, Stephen Hormel, made errors and omissions and misstated the facts.

## DISCUSSION

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4(b) provides that the Court

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 REQUEST TO SET ASIDE RESTITUTION JUDGMENT ~ 2

"must promptly examine [the motion]. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

The issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

Here, Defendant is plainly not entitled to relief.

**1. Ineffective Assistance of Counsel**

While Defendant claims his attorney made errors and omissions and misstated the facts, he never pleads a claim of ineffective assistance of counsel. Defendant has not included any facts or evidence to support this contention and equally important, has failed to show prejudice.

Effective assistance of counsel is analyzed pursuant to the doctrine set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). According to *Strickland*, Petitioner bears the burden of establishing two components to an ineffectiveness inquiry. First, the representation must fall "below an objective standard of reasonableness." 466 U.S. at 687–88. Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's "overall performance," both before and at trial, and must be highly deferential to the attorney's judgments. *United States v. Quintero-Barraza*, 78 F.3d 1344, 1347–48 (9th Cir. 1995) (quoting *Strickland*,

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 REQUEST TO SET ASIDE RESTITUTION JUDGMENT ~ 3

466 U.S. at 688–89). In fact, there exists a "strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (citation omitted).

If the petitioner satisfies the first prong, he must then establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Quintero-Barraza*, 78 F.3d at 1347 (quoting *Strickland*, 466 U.S. at 694).

Defendant has shown neither of the two prongs required by *Strickland*. Furthermore, just because another individual deposited money into the same account as Defendant, does not mean that Defendant is not liable for the forfeiture of those monies according to *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

Accordingly, this contention is denied.

**2.   Failure to Show the Stipulated Forfeiture is Error**

While Defendant claims another should be "50% liable", he has not shown that the amount forfeited from him in the money judgment is erroneous under *Honeycutt*.

Accordingly, this contention is denied.

//

//

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 REQUEST TO SET ASIDE RESTITUTION JUDGMENT ~ 4

### B. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issue presented deserves encouragement to proceed further.

//

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's 28 U.S.C. § 2255 Request to Set Aside Restitution Judgment, ECF No. 594, is **DENIED**.

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 REQUEST TO SET ASIDE RESTITUTION JUDGMENT ~ 5

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties, including the Defendant at: Vassily Thompson Prisoner No. 20133-085, Federal Correctional Institution, P.O. Box 1000, Butner, NC 27509.

**DATED** April 7, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 REQUEST TO SET ASIDE RESTITUTION JUDGMENT ~ 6